BENAIAH WATSON, Treasurer of a ditch company leading, &c. *vs.* CORNELIUS LOFLAND, for the use of DAVID LOFLAND.

The treasurer of a ditch company, under the general ditch law, cannot be sued on orders drawn by the managers *before acceptance.*

Such orders should be drawn by both managers.

The liability to laborers is on the part of the managers, and not of the treasurer.

CERTIORARI to Justice Welch.

Record. C. Lofland, use of D. Lofland *vs.* B. Watson, treasurer of the ditch co., &c. Action of debt on an order drawn by Job Sharp, one of the managers of said ditch, on the said B. Watson, treasurer.

The order was as follows :—

is entitled to the one third part of the residue of his personal estate absolutely and forever, for the following reasons. Originally there could be no limitation over of a chattel, and a gift for life carried the absolute interest. This is still the law as to such articles of personal property of which the use consists in the consumption. But when the law came to be settled with regard to executory devises, it was held as a part of this peculiar and very technical branch of the law that in regard to such chattels as might be used without being consumed, a limitation after a life estate would be good by way of *executory devise.* In this form, and only in this form, have we been able to find any judicial sanction for a departure from the old common law principle, that a gift of a chattel for life, is an absolute gift of it. In no case has it been held that the donor, grantor or devisor of chattels for life, by will or otherwise, could retain any interest in the chattel in himself for his own benefit, or that of his personal representatives; or could dispose of such interest to another, unless in the form of an executory devise made at the time of the bequest of the life estate.

In the case before us, though we have little doubt of the intention of Mr. Savin to give his widow but a life estate, he has not effected that intention in the only mode known to the law, and we are constrained to hold it an absolute gift of the one third of his personal estate. There is no executory devise, or other limitation or disposition of this third part after the life estate should be spent, and this is the more remarkable, as there is such a limitation as to the real estate, of which he also devised a third part to his said wife for life."

    *The Court* rendered judgment on this report, for plaintiff.

*Frame,* for plaintiff.

*Bates,* for defendant.

Mr. Benaiah Watson, treasurer of a ditch leading from the lands of David C. Pennewill into Russel's mill-pond, pay to Cornelius Lofland, one dollar and twenty-five cents, for two days' work on said ditch, at 62½ per day, for the use of Sarah Hevaloe, widow of Jesse Hevaloe.

$1 25.               (Signed) JOB SHARP, *Manager*.

                               *Aug.* 12, 1842.

I transfer the within order to D. Lofland.

                (Signed) CORNELIUS LOFLAND.

The parties appeared on the day of trial; " defendant disputed the demand, and plead the order not accepted and no money belonging to said ditch in his hands." Judgment for plaintiff.

Exceptions:—1st. That the cause of action was not within the magistrate's jurisdiction. 2d. That the plaintiff had no cause of action. 3d. That the defendant was not liable to a suit on the order before acceptance. 4th. That he was not liable without proof of funds in hands as treasurer.

*The Court.*—By the 8th section of the general ditch law (9 vol. 468,) the managers of any ditch company are authorized to make the ditches, and employ the laborers; and all payments are to be made by orders drawn by the managers on the treasurer. The treasurer is required by section 9, to give bond and security conditioned for the faithful performance of his trust and duty, and the payment of any money in his hands as treasurer, over to his successor, at the expiration of his office.

The liability to laborers for their wages is therefore on the part of the managers, and not on the part of the treasurer, at least before the acceptance of orders, which must be drawn by both managers, or the treasurer is not bound to accept or pay them. If he refuse to accept orders properly drawn on him by the managers, the treasurer is liable to them on his bond; but he is not liable to the holders of such orders, between whom and him there is no privity, and no obligation or promise express or implied, to pay the wages. If the orders be not accepted, they should be returned to the managers, who would be responsible on their contract with the laborers for the amount of wages. If accepted, the treasurer would be liable on his acceptance.

                            Judgment reversed.

*Cullen,* for reversal.

*Houston,* for affirmance.